## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**Adonica Pasha,**

     **V.**

**I-Tech Staffing Services, Inc.,
Phillip Tran, and JMJ Cleaner,
Inc.,**

     **Defendants.**

**Civil Action No. _____**

## COMPLAINT

Plaintiff Adonica Pasha files this complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, unpaid overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees against I-Tech Staffing Services Inc. ("I-Tech Staffing"), JMJ Cleaner Inc. ("JMJ Cleaner"), and Phillip Tran. (Collectively, "Defendants").

Plaintiff alleges as follows:

## PARTIES

1.    Plaintiff is a resident of Georgia.

2.    I-Tech Staffing is a Georgia corporation with its principal place of business at 4020 Steve Reynolds Blvd, Gwinnett County, Norcross, Georgia, 30093.

3.    JMJ Cleaner, Inc. is or was a Georgia corporation with its principal place of business at 11765 Jones Bridge Road, Alpharetta, Fulton County, Georgia, 30005.

4.    JMJ Cleaner can be served with process through its registered agent Phillip Tran at 4020 Steve Reynolds Blvd, Gwinnett, Norcross, Georgia, 30093.

5.    The Georgia Secretary of State on September 8, 2010, mailed a Certificate of Administrative Dissolution/Revocation to JMJ Cleaner, which is prima facia evidence that JMJ Cleaner was dissolved as a Georgia Corporation.

6.    The Georgia Secretary of State has never re-instated JMJ Cleaner as a corporation.

7.    Upon information and belief, Phillip Tran and I-Tech Staffing are successors or assigns of JMJ Cleaner, to the extent JMJ Cleaner no longer exists.

8.    By naming JMJ Cleaner and its successors/assigns, Plaintiff is also bringing suit against JMJ Cleaner's successors and assigns, including but not limited to Phillip Tran and I-Tech Staffing.

9.    Phillip Tran is a resident of the State of Georgia and is the owner, CEO, and manager of I-Tech Staffing.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391.  I-Tech Staffing, Phillip Tran, and JMJ Cleaner (to the extent it still exists) are found in this judicial district, do business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

12. Under Local Rule 3.1B(1)(a), divisional venue lies in the Atlanta Division because Defendants I-Tech Staffing and JMJ Cleaner reside in the Atlanta Division.

## FACTS

13. I-Tech Staffing, JMJ Cleaner, and Phillip Tran conducted business as Discount Cleaners at 11765 Jones Bridge Road, Alpharetta, Georgia, 30005.

14. Discount Cleaners was a retail dry cleaning and laundry service ("the dry cleaners").

15. Plaintiff was Defendants' employee from 2005 until December 31, 2014.

16.   The relevant period in this case is from three years before the date on which this complaint was filed until December 31, 2014.

17.   Plaintiff was a non-exempt employee of Defendants at the dry cleaners at all times during the relevant period.

18.   Plaintiff was an hourly-paid employee at all times during the relevant period.

19.   At all times during the relevant period, Plaintiff was an "employee" of Defendants and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

20.   At all times during the relevant period, I-Tech Staffing, Phillip Tran, and JMJ Cleaner were the "employer" of Plaintiff, as that term is used in 29 U.S.C. § 203(d).

21.   At all times during the relevant period, Plaintiff was an "employee" of I-Tech Staffing, Phillip Tran, and JMJ Cleaner, as that term is used in 29 U.S.C. § 203(e)(1).

22.   At all times during the relevant period, Defendants were a joint employer of Plaintiff and all other employees who worked at the dry cleaners.

23.   At all times during the relevant period, I-Tech Staffing, Phillip Tran, and JMJ Cleaner were an enterprise (as that term is defined in 29 U.S.C. § 203(r)) with multiple employees (including Plaintiff) who were handling,

4

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

24. The employees at the dry cleaner handled and worked with materials such pressing machines, cleaning machines, and solvents that had been produced outside of Georgia for interstate commerce and moved to Georgia in interstate commerce. Among other materials, the employees at the dry cleaners used two large Hoffman dry cleaning machines that Defendants purchased in interstate commerce and brought to Georgia from New York.

25. I-Tech Staffing is a staffing provider and that was established in 1997 in Georgia and originally specialized in placing experienced electronics assembly and soldering employees for the computer and electronics manufacturing and repair industry.

26. Over the years I-Tech Staffing has grown into a full-service recruiting, placement, and employment company.

27. Before the beginning of the relevant period in this case, I-Tech Staffing had become a full-Service recruiting, placement, and employment company whose employees engaged in interstate commerce, produce

goods for interstate commerce, and work on goods or materials that have been moved in or produced for interstate commerce.

28. I-Tech Staffing provides employees for a variety of industries in jobs such as office support, clerical, and customer service.

29. I-Tech Staffing also provides machine operators, mechanics, line workers, warehouse workers, for goods and materials that have been moved in interstate commerce and for goods and materials that are being produced for interstate commerce.

30. I-Tech Staffing filled numerous positions in Georgia, and I-Tech Staffing employs numerous employees in Georgia who are engaged in a variety industries.

31. I-Tech Staffing has advertised and attempted to fill available positions in Alabama, Colorado, Georgia, Florida, New York, Nevada, Oklahoma, Ohio, South Carolina, Wisconsin, Pennsylvania, and the District of Columbia.

32. During the relevant period, Defendants were an enterprise with annual gross volume of sales made or business done of not less than $500,000.

33.   I-Tech Staffing, by itself, has annual gross volume of sales made or business done of not less than $500,000 for each year in the relevant period.

34.   During the relevant period, I-Tech Staffing was the entity listed on the Plaintiff's paychecks as being the Plaintiff's employer and the payor of Plaintiff's wages. I-Tech Staffing paid Plaintiff her weekly paychecks throughout the relevant period. I-Tech Staffing purported to withhold employment taxes, and I-Tech Staffing also kept employment records for Plaintiff.

35.   During the relevant period, Tran controlled I-Tech Staffing and JMJ Cleaner's actual operations relating to the dry cleaners and to Plaintiff's employment.

36.   During the relevant period, Tran (acting in his personal capacity and as CEO of I-Tech Staffing and as the successor to or agent of JMJ Cleaner) exercised direct control over the dry cleaners and Plaintiff's employment, compensation, and workplace conditions.   Tran's control over the conditions of Plaintiff's employment included:

   a.   Tran decided who to hire and fire at the dry cleaners. Tran personally hired Plaintiff and the other employees who

worked with at the dry cleaners. Tran also decided when to fire employees, and Tran did fire employees on more than one occasion.

鞨b. Tran made all significant business decisions for the dry cleaners by giving commands over the phone. Also, Tran maintained an office at the dry cleaners and was physically present various at times.

c. Tran directed that the Plaintiff put the money and receipts that the dry cleaners collected every day into a bag that was placed in a safe place for Tran's father to pick up.

cumentan decided what the pay structure would be for every employee at the dry cleaners, and he controlled how much they were paid. For example, when two employees at the dry cleaner asked for additional pay, Tran refused to give them additional pay and eventually fired those employees for requesting a raise.

e. Tran set the hours that the dry cleaners would be open to the public, and Tran established the job duties of Plaintiff.

37.   During the relevant period, Tran decided how much to pay Plaintiff, willfully violated the FLSA, and willfully caused I-Tech Staffing and JMJ Cleaner to violate the FLSA.

38.   Plaintiff was a non-exempt employee under the FLSA whose primary job responsibilities included staffing the front counter at the dry cleaners.

39.    laintiff would accept the dirty clothing that people would drop off and give the customers the cleaned clothing when the customer returned.

40.   Plaintiff would take the customer's money, make the transaction, and each morning before the dry cleaners opened, count the money from previous day's transactions.

41.   Plaintiff was paid a regular hourly rate of pay but was not properly paid for overtime for those hours worked in excess of 40 hours per week.

42.   For those hours in excess of 40 hours, Plaintiff was not paid one and one half times the regular rate of pay as required by federal law.

43.   Plaintiff worked in excess of 40 hours per week for a large majority of weeks that Plaintiff worked for Defendants.

44.   Plaintiff also worked hours for which she was not compensated.  For example, Plaintiff often worked well over sixty (60) hours per week but was not compensated for all of the hours that she worked.

45.     Upon information and belief, the Defendants have not maintained accurate, complete records of the hours that Plaintiff worked for which she received no compensation.

46.     Plaintiff has given her written consent to become party Plaintiff in this lawsuit. (*See* Ex. A)

## COUNT I

## FAIR LABOR STANDARDS ACT VIOLATIONS – UNPAID WAGES

47.     Plaintiff repeats and re-alleges each paragraph above as though it were fully set forth at length herein.

48.     At all relevant times, Defendants were an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

50.     At all relevant times, Defendants had a uniform policy and practice of willfully refusing to pay Plaintiff and other non-exempt employees for all hours worked.

51.    As a result of Defendants' willful failure to compensate Plaintiff for all hours worked, Defendants violated the FLSA.

52.    Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

53.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

54.    Plaintiff repeats and re-alleges each paragraph above as though it were fully set forth at length herein.

55.    At all relevant times, Defendants were an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

57.    At all relevant times, Defendants had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours worked in excess of forty hours per work week by Plaintiff.

58.    As a result of Defendants' willful failure to compensate Plaintiff the applicable wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, Defendants violated the FLSA.

59.    Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

60.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendants:

A.    An award of compensation for unpaid wages to Plaintiff;

B.    An award of unpaid compensation for overtime to Plaintiff;

C.    An award of liquidated damages to Plaintiff;

D.    An award of prejudgment and post-judgment interest to Plaintiff;

E.     An award of costs and expenses of this action together with

       reasonable attorneys' and expert fees to Plaintiff; and

F.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all the issues so triable.

Dated: August 3, 2015.

**HALL & LAMPROS, LLP**

By:   /s/ Patrick J. Hannon
      Patrick J. Hannon
      Ga. Bar No. 074321
      1230 Peachtree St. NE
      Suite 950
      Atlanta, GA 30309
      404-876-8100
      Fax: 404/876-3477
      phannon@hallandlampros.com