# Exhibit 1

# SETTLEMENT AGREEMENT

## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter, "the Agreement" or the "Settlement Agreement") is made and entered into by and between **I-Tech Staffing Services, Inc.** ("**I-Tech**"), **Phillip Tran** ("**Mr. Tran**"), **Racheal Hotran** ("**Ms. Hotran**") **and JMJ Cleaner, Inc.** ("**JMJ**") (hereinafter collectively referred to as "**DEFENDANTS**"), and **Adonica S. Pasha** (hereinafter referred to as "**PLAINTIFF**").

## WITNESSETH:

**WHEREAS, PLAINTIFF** was employed by one or more **DEFENDANTS**;

**WHEREAS,** on or about August 3, 2015, **PLAINTIFF** instituted a civil action in the United States District Court for the Northern District of Georgia, Atlanta Division, styled <u>Adonica S. Pasha vs. I-Tech Staffing Services, Inc., et al.</u>, which was assigned Civil Action No. 1:15-CV-02740-JCJ (hereinafter "the Civil Action"); and

**WHEREAS, PLAINTIFF** asserts claims in the Civil Action for failure to pay all hours worked under the Fair Labor Standards Act; and seek damages for back pay, liquidated damages, attorney's fees, and costs; and

**WHEREAS, DEFENDANTS** deny any liability to **PLAINTIFF** on the basis of any claim, asserted or unasserted, in the Civil Action; and

**WHEREAS,** the Agreement constitutes a good faith settlement of questionable and disputed claims; and

**WHEREAS,** the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that **DEFENDANTS**, or any of officials, officers, employees and/or other agents thereof acted contrary to the law or violated the rights of **PLAINTIFF** or any other person at any time; and

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, **DEFENDANTS** and **PLAINTIFF** agree as follows:

## CONSIDERATION

1.

**DEFENDANTS** will cause to be paid to **PLAINTIFF** and her attorneys the total sum of Forty One Thousand Six Hundred Eighty Two Dollars and Zero Cents ($41,682.00) (the "Settlement Amount"). The Settlement Amount consists of the following: (1) Twenty Six Thousand Six Hundred Eighty Two Dollars and Zero Cents ($26,682.00) for attorneys' fees and costs payable to, Hall & Lampros, LLP ("Amount Due to Attorney") and Fifteen Thousand Dollars and Zero Cents ($15,000.00) payable to Adonica S. Pasha ("Amount Due to Plaintiff"). The Settlement Amount shall be payable ten (10) days after court approval of the settlement, as described in Paragraph 13..

(1) Payments shall be sent overnight mail and directed to the attention of Patrick Hannon, Hall & Lampros, LLP, 1230 Peachtree Street, N.E., Suite 950, Atlanta, Georgia 30309.

(2) The payments shall consist of four checks made out in the following fashion:

(a) One check payable to "Hall & Lampros, LLP " in the amount of Twenty Six Thousand Dollars and Zero Cents ($26,000.00) representing Plaintiff's attorney's fees, reported on a Form 1099 to Hall & Lampros, LLP;

(b) One check payable to "Hall & Lampros, LLP" in the amount of Six Hundred Eighty Two Dollars ($682.00) representing Plaintiff's costs, reported on a Form 1099 to Hall & Lampros, LLP;

2

(c) One check payable to "Adonica S. Pasha" in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) less lawful withholdings, representing back pay, reported on a W-2; and

(d) One check payable to "Adonica S. Pasha" in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00), for liquidated damages reported as non-wage income on a Form 1099.

**PLAINTIFF** and her attorneys each agree to provide a completed W-9 Form prior to payment. The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, interest, attorneys' fee, and legal costs and expenses, including but not limited to those claims set forth and/or which could have been set forth in the Civil Action. Except as expressly provided for in this Paragraph, the parties shall bear their own costs with respect to the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses.

## DISMISSAL OF ACTION

2.

**PLAINTIFF** agrees to dismiss, with prejudice, the Civil Action and agrees that she will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed. Upon court approval and the full payment of all sums set forth in Paragraph 1 above, **PLAINTIFF** will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "A".

3

## RELEASE OF CLAIMS

3.

Effective upon the **DEFENDANTS'** payment of all funds due under this Agreement, the **PLAINTIFF**, for and in consideration of the release by the **DEFENDANTS**, the Settlement Amount and other good and valuable consideration, the receipt of which is hereby acknowledged, does for herself, her attorney, attorneys, agents, assigns, heirs, executors, administrators and successors, hereby remise, release, acquit, satisfy, and forever discharge the **DEFENDANTS**, together with their assigns, successors, affiliated parent or subsidiary corporations or companies, agents, officers, directors, members, shareholders, officers, parent corporations, subsidiaries, partners, estates, executors, administrators and successors, employees, present and former attorneys, legal representatives, divisions and insurers, and any other person or entity who has acted or purported to act on the **DEFENDANTS'** behalf, of and from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, in law or in equity which they ever had, now have, or may have against the **DEFENDANTS** arising from or relating to the **PLAINTIFF's** placement, employment or contractual relationships with the **DEFENDANTS**, limited to the allegations contained in the Civil Action.

4.

**PLAINTIFF** represents and warrants that Hall & Lampros, LLP, Patrick Hannon, and Joshua Rand are, and have been, the sole attorneys for her with the respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by **DEFENDANTS** under

4

{00700317.DOCX / }

the Agreement are intended to include all legal fees, costs, and/or expenses for which **DEFENDANTS** could be liable in connection with the Civil Action.

## WARRANTY

5.

**PLAINTIFF** represents and warrants that she alone is entitled to assert any claim she may have against **DEFENDANTS** of any kind or character arising out of, or as a consequence of her employment with any **DEFENDANT** to date, including but not limited to, the matters which were alleged or could have been alleged in the Civil Action. **PLAINTIFF** further represents and warrants that she is fully authorized to enter into this Agreement and that she has not transferred or assigned any right to any claim or recovery against any **DEFENDANT**.

## ENTIRE AGREEMENT

6.

**PLAINTIFF** affirms that the only consideration for her agreement to execute, and her execution of Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have cause her to execute the Agreement, that she fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that she has been advised to consult with legal counsel prior to executing the Agreement; that she has had a reasonable period of time within which to consider the Agreement; and that she has had the benefit of legal counsel before executing the Agreement.

## CONSTRUCTION

7.

Any modification or change to this Agreement must be made in writing with the consent of all parties.

## OTHER RELIEF, AGREEMENT AND COVENANTS

8.

**PLAINTIFF** agrees to voluntarily withdraw any and all administrative complaints and/or charges she has filed against any **DEFENDANT**, and which are presently pending before any administrative body, to the extent there are any.

9.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

10.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

11.

This Agreement inures to the benefit of **DEFENDANTS** and their successors, assigns, heirs, executors, and administrators, and **PLAINTIFF** consents and agrees that to the extent required by law, this Agreement may be freely assigned to, and enforced by, **DEFENDANTS'** successors and assigns.

## JURISDICTION AND VENUE

12.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in a state Court located in Gwinnett County, Georgia, or in the United States District Court for the

Northern District of Georgia, Atlanta Division, and **PLAINTIFF** and **DEFENDANTS** consent and agree to the jurisdiction of such courts and the venue of such proceedings.

## APPROVAL BY COURT

13.

The parties specifically acknowledge that the Fair Labor Standards Act requires this Agreement to be approved by the Court. As such, this Agreement does not become effective or enforceable unless and until it is approved by the Court. The parties agree to file a Joint Motion seeking such approval.

**IN WITNESS WHEREOF,** the undersigned have hereunto set their hand and seal this ___ day of _____, 2016.

_____
Adonica S. Pasha

_____
I-Tech Staffing Services, Inc.
By: 
Its: 

_____
Phillip Tran

_____
Racheal Hotran

7

{00700317.DOCX / }

| HALL & LAMPROS, LLP | TAYLOR ENGLISH DUMA LLP |
|---|---|
| _____ | _/s/ Joseph M. English_____ |
| Patrick J. Hannon, Esq. | Joseph M. English, Esq. |
| Georgia Bar No. 074321 | Georgia Bar No. 248890 |
| 1230 Peachtree Street NE | |
| Suite 950 | 1600 Parkwood Circle, Suite 400 |
| Atlanta, Georgia 30309 | Atlanta, Georgia 30339 |
| Tel: (404) 876-8100 | Tel: (770) 434-6868 |
| Fax: (404) 876-3477 | Fax: (770) 434-7376 |
| phannon@hallandlampros.com | jenglish@taylorenglish.com |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADONICA PASHA,<br><br>Plaintiff,<br><br>vs.<br><br>I-TECH STAFFING SERVICES, INC., PHILLIP TRAN, JMJ CLEANER, INC., and RACHEAL HOTRAN,<br><br>Defendants. | Civil Action No.: 1:15-cv-02740-SCJ |

## STIPULATION OF DISMISSAL WITH PREJUDICE

COME NOW Plaintiff and Defendants and, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), agree to the dismissal with prejudice of this action, with each party to bear its own respective costs.

SO STIPULATED:

**HALL & LAMPROS, LLP**
/s/ Patrick J. Hannon
Patrick J. Hannon, Esq.
Georgia Bar No.074321
1230 Peachtree Street NE
Suite 950
Atlanta, Georgia 30309
Tel: (404) 876-8100
Fax: (404) 876-3477
phannon@hallandlampros.com

*Attorney for Plaintiff*

SO STIPULATED:

**TAYLOR ENGLISH DUMA LLP**

/s/ Joseph M. English
Joseph M. English, Esq.
Georgia Bar No. 248890
Taylor English Duma LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Tel: (770) 434-6868
Fax: (770) 434-7376
jenglish@taylorenglish.com

*Attorney for Defendants*

9

{00700317.DOCX / }

Northern District of Georgia, Atlanta Division, and **PLAINTIFF** and **DEFENDANTS** consent and agree to the jurisdiction of such courts and the venue of such proceedings.

## APPROVAL BY COURT

13.

The parties specifically acknowledge that the Fair Labor Standards Act requires this Agreement to be approved by the Court. As such, this Agreement does not become effective or enforceable unless and until it is approved by the Court. The parties agree to file a Joint Motion seeking such approval.

**IN WITNESS WHEREOF,** the undersigned have hereunto set their hand and seal this 8 day of March, 2016.

_Adonica S. Pasha_
Adonica S. Pasha

I-Tech Staffing Services, Inc.
By: _____
Its: _____

_____
Phillip Tran

_____
Racheal Hotran

7

| | |
|---|---|
| HALL & LAMPROS, LLP | TAYLOR ENGLISH DUMA LLP |
| *(signature)* | |
| Patrick J. Hannon, Esq. | Joseph M. English, Esq. |
| Georgia Bar No. 074321 | Georgia Bar No. 248890 |
| 1230 Peachtree Street NE | |
| Suite 950 | 1600 Parkwood Circle, Suite 400 |
| Atlanta, Georgia 30309 | Atlanta, Georgia 30339 |
| Tel: (404) 876-8100 | Tel: (770) 434-6868 |
| Fax: (404) 876-3477 | Fax: (770) 434-7376 |
| phannon@hallandlampros.com | jenglish@taylorenglish.com |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

8

{00700317.DOCX / }